FILED: 11/21/2023 3:53 PM
Anne Reed, District Clerk
Orange County, Texas
Envelope No. 81880925
Reviewed By: Maria Hernandez

CAUSE NO. 230380-C _____

| | | |
|---|---|---|
| DALE J. WHYTE, INDIVIDUALLY, AND | § | IN THE DISTRICT COURT OF |
| AS PERSONAL REPRESENATIVE OF | § | |
| THE ESTATE OF JOAN N. KING | § | |
| | § | |
| | § | ORANGE COUNTY, TEXAS |
| VS. | § | |
| | § | |
| FAMILY DOLLAR STORES | § | |
| OF TEXAS, LLC, AND | § | 163rd |
| LAKEISHA M. LAVINE | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff, DALE J. WHYTE, Individually, and as Personal Representative of the Estate of JOAN N. KING, and files this her original petition against FAMILY DOLLAR STORES OF TEXAS, LLC, and LAKEISHA M. LAVINE, hereinafter called Defendants, and for cause of action would show the Court as follows:

#### A. Discovery - Control Plan

1.   Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and will file an agreed scheduling order with the Court as soon as is reasonably practical.

#### B. Parties

2.   Plaintiff, DALE J. WHYTE, brings this wrongful-death action as the child of JOAN N. KING, and as Personal Representative of the Estate of JOAN N. KING. Plaintiff is an individual who resides in Orange, County, Texas. JOAN N. KING, decedent, was a resident of Orange County, Texas, at the time of her death.

3.   Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, (hereinafter "FAMILY

1

DOLLAR") is a limited liability company which may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3136 via certified mail, return receipt requested. Plaintiff requests that citation be issued.

4.     Defendant, LAKEISHA M. LAVINE, is an individual residing in Texas at 520 Gardenia Avenue, Orange, Orange County, Texas, 77630 and may be served with process at that address or wherever she may be found. Plaintiff requests that citation be issued.

5.     Whenever in this petition it is alleged that Defendants did any act or thing or failed to do any act or thing, it is meant that Defendants' officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendants or was done in the normal routine course and scope of employment or agency of Defendants' officers, agents, servants, employees or representatives.

## *C.   Jurisdiction and Venue*

6.     The damages in this case are within the jurisdictional limits of this Court.

7.     Pursuant to TRCP Rule 47, Plaintiff avers she is seeking monetary relief over $1,000,000.00.

8.     This Court has jurisdiction over Defendants as the acts and/or omissions giving rise to this suit occurred in Orange County, Texas, and Defendants subjected themselves to the jurisdiction of this Court by conducting business within the Court's jurisdiction.

9.     Plaintiff's claims arise out of a fall that occurred on Defendant FAMILY DOLLAR's premises at 1301 N. 16th Street, Orange, Texas. Therefore, venue is proper in Orange County, Texas.

2

### *D. Facts*

10.     On or about November 2, 2023, Plaintiff DALE J. WHYTE was shopping with her mother, JOAN N. KING, Decedent, at Defendant FAMILY DOLLAR STORES OF TEXAS, LLC's premises located at 1301 N. 16th Street in Orange, Texas.

11.     As Plaintiff and her mother were exiting the store, Ms. King fell due to an unreasonably dangerous condition located on Defendant FAMILY DOLLAR's premises.  As a result, Ms. King fell to the ground causing her to suffer a severe, and ultimately fatal, head injury.

12.     Ms. King succumbed to her injuries and died on November 18, 2023, while at Harbor Hospice in Beaumont, Texas.

13.     The incident described above was a direct and proximate result of the negligence of Defendants.

### *E. Wrongful-Death and Survivorship Actions*

14.     Plaintiff is the surviving child of JOAN N. KING, and the named executor and sole heir to the Estate of JOAN N. KING.

15.     Decedent died as a result of Defendants' wrongful conduct as set forth below.

16.     Decedent would have been entitled to bring this action against Defendants if decedent had lived.

17.     On or about November 2, 2023, Defendant FAMILY DOLLAR owned and operated the Family Dollar store located at 1301 N. 16th Street in Orange, Texas.

18.     On or about November 2, 2023, Defendant LAVINE was the store manager of the Family Dollar store located at 1301 N. 16th Street in Orange, Texas.

19.     As the store manager, Defendant LAVINE was responsible for using ordinary care to ensure that the premises did not present a danger to the shopping public, including Ms. King. This duty included the duty to inspect and maintain the premises in a safe manner and the duty to warn or to cure any and all dangerous conditions.

20.     As the store manager, Defendant LAVINE was responsible for conducting periodic inspections of the property to notice and cure and warn of any dangerous premises conditions.

21.     The main entrance and exit to the premises upon which Ms. King fell posed an unreasonable risk of harm to invitees such as Ms. King. The dangerous conditions posed dangerous and unreasonable tripping hazards to invitees such as Plaintiff.

22.     The dilapidated conditions of the exit ramp, parking blocks, and striping in the location of the fall created unreasonably dangerous conditions for the shopping public, such as Ms. King.

23.     Defendants, its agents, servants, and employees knew or, in the exercise of ordinary care, should have known said conditions existed and that there was a likelihood of someone being seriously injured or killed.

24.     Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to the shopping public, including Ms. King. This duty includes the duty to inspect and maintain the premises in a reasonably safe manner and the duty to warn or to cure. Defendants breached the duty of ordinary care.

25.     On the occasion in question, Defendants were guilty of negligence toward decedent in the following respects, each of which was a producing cause and/or a proximate cause of decedent's injuries and death:

     a)     Failure to give warnings to decedent of the dangerous conditions;

4

b)   Failure to remedy the dangerous conditions;

c)   Failure to properly inspect and maintain the area in question to discover the dangerous conditions; and

d)   Such other and further acts of negligence as may be shown at the time of trial.

26.     Each of the foregoing negligent acts and/or omissions, singularly or in combination with others, was a proximate cause of decedent's bodily injuries and subsequent death.

27.     Defendants' conduct that caused decedent's death was a producing cause of injury to Plaintiff.

28.     As a result of the injuries and death of decedent, decedent suffered conscious physical pain and suffering, mental anguish, physical impairment and incapacity, and emotional distress prior to her death as her condition declined. The estate sustained health care, funeral, and burial expenses as a result. The estate sues for all these damages under the Texas Survivorship Statute. Plaintiff is the proper representative of the decedent's estate.

29.     As a result of the death of decedent, Plaintiff has sustained loss of companionship and society for the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiff would in reasonable probability have received from decedent had she lived and, in reasonable probability, will continue to suffer such losses in the future.

30.     As a result of the death of decedent, Plaintiff has suffered mental anguish in the form of emotional pain, torment and suffering experienced because of her mother's tragic death, and in reasonable probability, will continue to suffer such mental anguish in the future.

31.     Plaintiff is the only statutory beneficiary under the Texas Wrongful Death Statute and sues for all pecuniary losses, loss of companionship, advice, society, counsel, and mental anguish under said statute.

32.     Decedent's death resulted from Defendants' willful act or omission or from Defendants' gross negligence, which entitles heirs to the body to exemplary damages under Texas Constitution article 16, section 26.

33.     Plaintiff also seeks pre-judgment and post-judgment interest for all permissible elements of damages.

34.     Plaintiff respectfully requests that she be allowed to have each element of damages considered separately and individually for the purposes of determining the sum of money to which she is justly entitled.


### *F. Rule 193.7 Notice*

35.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

### *Prayer*

36.     For these reasons, Plaintiff asks that Defendants FAMILY DOLLAR STORES OF TEXAS, LLC, and LAKEISHA M LAVINE be cited to appear and answer, and that Plaintiff have judgment against Defendants, for the following:

        Actual damages;

- Exemplary damages;

- Prejudgment and post-judgment interest as allowed by law;

- Costs of suit; and

- All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

By_____
    Christopher S. Smith
    State Bar No. 24002960
    SMITH LAW FIRM, PLLC
    1006 Green Avenue
    Orange, TX 77630
    (409) 886-7766
    FAX (409) 886-7790
    chris@smithlawfirmtx.com

**ATTORNEYS FOR PLAINTIFF**

7